COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                       NO.
02-05-126-CV

 

KENNETH
WALDO AND ANGELA WALDO,                             APPELLANTS

BOTH
INDIVIDUALLY AND A/N/F

OF AARON WALDO, A MINOR CHILD                                                      

 

                                                   V.

 

PAMELA MUHS,
INDIVIDUALLY AND                                        APPELLEE

A/N/F
OF AUSTIN MUHS, 

MINOR                                                                                               

                                              ------------

 

           FROM
THE 352ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

On May 23, 2005, this court
issued an order referring this dispute to mediation and ordering that mediation
be completed by June 27, 2005. Thereafter, we extended the deadline two times,
to November 17, 2005.  We further ordered
as follows:








If
mediation fully resolves the issues in the case, the parties shall file a joint
motion for dismissal within 10 days of the conclusion of the mediation.  If the parties need more time to effectuate
the terms of the settlement agreement, they must file a joint motion for
extension of time to file a motion for dismissal.  The motion for extension is due within 10
days of the conclusion of the mediation.

 

On October 28, 2005, the
court received a letter from Wade McMullen, the mediator, informing us that the
parties had Afully
settled@ the case. Therefore, pursuant to our prior order, the parties were
required to either file a joint motion to dismiss the appeal or file a joint
motion for an extension of time to file a joint motion to dismiss the
appeal.  The parties have not filed any
such motion.

On January 10, 2006, the
court notified the parties by letter that the appeal is subject to dismissal on
the court=s own
initiative due to the parties= failure to comply with the court=s prior order.[2]  Neither party has filed a response.  Branon, the assignee of appellee=s judgment, has filed a response, but it does not state sufficient
grounds for continuing the appeal.








Branon=s response states that the case has not been Afully settled@ because
appellants have not honored the memorandum of settlement agreed to during
mediation.  Consequently, Branon asks the
court to continue the appeal and hold appellants in contempt of the memorandum
of settlement.  It appears that Branon=s sole reason for desiring to continue the appeal is to hold appellants
in contempt in order to enforce the memorandum of settlement.  The memorandum of settlement is not, however,
on file with this court.  Further, the
remedies Branon seeks would be better pursued in the trial court.

Accordingly, we deny Branon=s motion for contempt and dismiss the appeal.[3]


 

PER CURIAM

PANEL D:   CAYCE,
C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED: 
February 16, 2006











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 42.3(c).





[3]See
id.; Tex. R. App. P.
43.2(f).